UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION



| | |
|---|---|
| JAMES KOZLOWSKI, an individual; and PERRY KOZLOWSKI, an individual<br><br>Plaintiffs,<br>vs.<br><br>GREGORY J. PALMQUIST, an individual; NORTH AMERICAN NATIONAL MARKETING, LLC, a Colorado limited liability company; NANM, LLC, a Colorado limited liability company; GARDINER LIMITED PARTNERSHIP ACQUISITIONS, LLC, a Colorado limited liability company; AVANZAR FINANCIAL GROUP, LLC, a Colorado limited liability company; and JOHN DOE DEFENDANTS 1-5, being any other related person or entity.<br><br>Defendants. | CIV. 12—4174<br><br><br><br><br><br>**COMPLAINT** |

For their Complaint, Plaintiffs allege:

1. Plaintiff James Kozlowski is a resident of South Dakota.

2. Plaintiff Perry Kozlowski is a resident of North Dakota.

3. Defendant Gregory J. Palmquist is a resident of Colorado.

4. Defendant North American National Marketing, LLC, ("NANM") is

   a Colorado limited liability company, and its registered agent is

Gregory J. Palmquist, 8400 E. Prentice Ave., Suite 645, Greenwood Village, CO 80111.

5. Defendant NANM, LLC, is a Colorado limited liability company, and its registered agent is Gregory J. Palmquist, 8400 E. Prentice Ave., Suite 645, Greenwood Village, CO 80111.

6. Defendant Gardiner Limited Partnership Acquisitions, LLC, is a Colorado limited liability company, its registered agent is Gregory J. Palmquist, 8400 E. Prentice Ave., Suite 645, Greenwood Village, CO 80111.

7. Defendant Avanzar Financial Group, LLC, is a Colorado limited liability company, and its registered agent Daniel Davies, 8400 E. Prentice Ave., Suite 645, Greenwood Village, CO 80111.

## Factual Background

8. Plaintiff James Kozlowski and Plaintiff Perry Kozlowski are brothers.

9. Plaintiff Perry Kozlowski had a business relationship with Defendants, who were in the business of brokering and selling "life settlement policies."

10. Plaintiff James Kozlowski had a business relationship with James Rooney, Larry Tuttle and Fox Financial (collectively "Fox Financial"). Specifically, James Kozlowski would locate life

2

settlement policies for Fox Financial to purchase, and would be compensated for each successful transaction.

11. Fox Financial and its principals had previously entered into non-circumvent and non-compete agreements with Plaintiffs, so that when Plaintiffs introduced Fox Financial to new business leads, Plaintiffs were guaranteed to profit from those leads that resulted in successful transactions.

12. Plaintiffs then introduced Fox Financial to the Defendants, for the purpose of facilitating the purchase of life settlement policies from Defendants.

13. Plaintiffs strongly recommended that Fox Financial do business with the Defendants, based on Perry Kozlowski's long history of working with Defendants.

14. Defendants agreed to begin presenting potential transactions to Fox Financial, and Fox Financial agreed to review them.

15. Plaintiff James Kozlowski helped Fox Financial set up a South Dakota LLC as the entity which would purchase the policies involved in some of the deals (Morningstar Settlements, LLC).

16. Morningstar was organized under the laws of South Dakota and issued a Certificate of Organization on September 29, 2008.

17. For their role in creating the introduction, Plaintiffs were to be compensated on each new deal that was consummated between Fox Financial/Morningstar and Defendants.

18. Through oral and/or written agreements between all the parties, Plaintiffs' compensation included two components: (1) a share of the typical broker's fee (which depended on the number of parties involved in each transaction), and (2) 20% of the "product fees" on the reengineered value discovered by Defendants and sold to the buyers.

19. By agreement of the parties, the compensation was to be paid by the Defendants, rather than by Fox Financial/Morningstar.

20. Several deals were brokered in 2008 and 2009, and Plaintiffs were compensated on those deals pursuant to this arrangement.

21. Defendant Avanzar paid the broker fees, while Defendant Gardiner Limited Partnership on the "re-engineering" of policies, i.e., the 20% share.

22. On January 27, 2011, Plaintiffs learned that Defendants had secretly sold life settlement policies to Fox Financial/Morningstar in July of 2010, and that another deal was pending.

23. Defendants had not compensated Plaintiffs, however.

24. When confronted about the unpaid compensation, Defendants acknowledged that they were now dealing directly with Fox Financial/Morningstar, and Defendants refused to pay any compensation to Plaintiffs, claiming, instead, that their business model had changed.

25. When confronted about this issue of unpaid compensation, Fox Financial/Morningstar said it presumed that Defendants had already paid the Plaintiffs for the 2010 transactions pursuant to the existing agreement.

## COUNT 1: ACCOUNTING

26. Plaintiffs reallege the paragraphs above.

27. Plaintiffs are entitled to an accounting of the Defendants' business dealings sufficient to calculate the compensation due and owing to Plaintiffs.

## COUNT 2: BREACH OF CONTRACT

28. Plaintiffs reallege the paragraphs above.

29. Defendants and/or their agents breached the compensation agreement.

30. Plaintiffs have been damaged thereby.

## COUNT 3: FRAUD & DECEIT

31. Plaintiffs reallege the paragraphs above.

32. Defendants each owed Plaintiffs the legal duty which is due from every man to his fellow, to respect their rights of property and refrain from invading them by fraud.

33. Defendants breached that duty, causing financial harm to Plaintiffs.

34. Further, or in the alternative, Defendants committed statutory deceit by Defendants' willful acts of suppressing facts known to them which they were bound to disclose to Plaintiffs, including the existence of transactions in 2010 and 2011 for which Plaintiffs were entitled to compensation.

35. The suppression of those facts was intended to hide Defendants' duty to pay Plaintiffs' compensation, and thereby avoid payment altogether.

36. The suppression of those facts caused damage to Plaintiffs, including impaired business relations between Plaintiffs and Morningstar and between Plaintiffs and Defendants, and precluded further business dealings.

## COUNT 4: TORTIOUS INTERFERENCE WITH BUSINESS/CONTRACTUAL RELATIONSHIP

37. The paragraphs above are realleged.

38. Defendants were aware of the existence of a contract that prevented Fox Financial/Morningstar from circumventing Plaintiffs' role in each deal.

39. Defendants intentionally procured a breach of those agreements by secretly dealing with Fox Financial/Morningstar directly, but by not informing Fox Financial/Morningstar that Defendants were excluding Plaintiffs from further involvement.

40. Defendants' conduct was unjustified.

41. Plaintiffs have been damaged thereby, including one or more of the following: lost profits, emotional distress, reputational harm, impairment of business relationships, and consequential losses.

## **PUNITIVE DAMAGES**

42. For its breach of duty not to defraud or deceive others as to their property and property rights, and/or because Defendants are guilty of oppression, fraud, or malice, actual or presumed, committed intentionally or by willful and wanton misconduct, in disregard of others, Plaintiffs are entitled to recover, in addition to actual damages, damages for the sake of example, and by way of punishing the Defendants in an amount at least 9 times the amount of actual damages.

WHEREFORE, the Plaintiffs pray for judgment against the Defendants as follows:

A. For damages to be determined by trial.

B. For interest and costs.

C. For such other, further and different relief as the Court may deem just, proper and equitable under the circumstances.

DATED this __10__ day of October, 2012.

_____
Jeff Cole
Daniel K. Brendtro
ZIMMER, DUNCAN AND COLE, L.L.P.
5000 S. Broadband Ln., Ste. 107
Sioux Falls, SD  57108
(605) 361-9840
*Attorneys for Plaintiffs*

## DEMAND FOR JURY TRIAL

Comes now the Plaintiffs James Kozlowski and Perry Kozlowski by and through their attorneys of record, Zimmer, Duncan and Cole, and hereby demands a trial by jury on all issues triable of right by jury.

_____
Jeff Cole
ZIMMER, DUNCAN AND COLE, L.L.P.
5000 S. Broadband Lane, Suite 107
Sioux Falls, SD 57108
(605) 361-9840
*Attorneys for Plaintiff*